

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00410-CR
_____

CASEY DON CURETON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 106th District Court
Garza County, Texas
Trial Court No. 17-2922, Honorable Carter T. Schildknecht, Presiding

August 6, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Casey Don Cureton appeals from his conviction, on an open plea of guilty to a jury, of the offense of bail jumping and failure to appear[1] and the resulting sentence of fifteen years of confinement in the Institutional Division of the Texas

---

[1] TEX. PENAL CODE ANN. § 38.10 (West 2018) (providing that a "person lawfully released from custody, with or without bail, on condition that he subsequently appear commits an offense if he intentionally or knowingly fails to appear in accordance with the terms of his release.").

Department of Criminal Justice.[2]  Appellant's attorney has filed a brief in compliance with *Anders* v. *California*, 386 U.S. 738 (1967) and *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008) in support of his motion to withdraw.  Agreeing with appointed counsel's conclusion the record fails to show any arguably meritorious issue that could support the appeal, we will grant counsel's motion and affirm the trial court's judgment.

Appellant pled guilty as charged in the indictment and requested that the jury determine his punishment.  Several witnesses, including appellant, testified during the punishment hearing.  The district clerk testified, identifying appellant and telling the jury appellant was required to appear in court on June 13, 2017, for trial on a deadly conduct charge but failed to do so.  The clerk described for the jury the notice sent regarding appellant's trial date, and the certification of his absence on that date.  An employee of the bail company testified to her conversations with appellant regarding his responsibilities to appear for court.

A sergeant with the Lubbock County Sheriff's Office testified he had specialized training in gangs and narcotics.  He told the jury appellant admitted to an Arlington police officer that he was a member of a particular gang, the South Side Crips.  The sergeant testified to other details that identified appellant as a member of that gang.  A jail administrator testified appellant was a "difficult" inmate.  The administrator testified about an instance during which appellant "threw a cup of tea on the kitchen officer" and kicked the food tray.  Two corrections officers were injured while detaining appellant and moving

---

[2] TEX. PENAL CODE ANN. § 12.33 (West 2018).

him to another cell after this incident. After appellant testified and denied the altercation occurred, a recording of the incident was admitted.

Appellant testified on his own behalf. Appellant admitted he did not appear in court for his June 2017 trial date. He described his family and his childhood and admitted he joined the gang when he and his family moved to Texas. He also admitted to selling drugs in his late teens. Appellant admitted during cross-examination his commission of several other offenses. Appellant told the jury he stopped affiliating with the gang when he was released from confinement in 2012. Appellant also described his education and his bipolar diagnosis. He asked the jury for the opportunity to be part of his children's lives. He testified he had an 8-year-old son and a 15-month-old daughter.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders,* 386 U.S. at 744-45; *In re Schulman,* 252 S.W.3d at 406. Counsel discusses why, under the controlling authorities, the appeal is frivolous. *High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* by providing to appellant a copy of the brief, his motion to withdraw, and the clerk's and reporter's records, and by notifying him of his right to file a *pro se* response and a petition for discretionary review if he desired to do so. *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman,* 252 S.W.3d at 408. By letter, we granted appellant an opportunity to exercise his right to file a response to counsel's brief. Appellant did not file a response.

3

In the *Anders* brief, counsel demonstrates a diligent review of the proceedings and sentencing and discusses several potential issues. He then certifies there are no arguably meritorious issues for appeal. We have independently examined the entire record and agree with counsel's assessment. *See Penson v. Ohio*, 488 U.S. 75 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Accordingly, the trial court's judgment is affirmed and counsel's motion to withdraw is granted.[3]

James T. Campbell
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. TEX. R. APP. P. 48.4.